IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOR LOVIANO,<br><br>    Plaintiff,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | 1:09-CR-00272-AWI<br><br>**ORDER DENYING IN PART MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND TO ORDER A DECLARATION FROM DEFENSE COUNSEL**<br><br>(DOC. 293) |

## I.     INTRODUCTION

Petitioner Flor Loviano ("Petitioner") is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. For reasons discussed below, the Court will deny the petition in part and order a declaration stating specified facts from defense counsel, Michael Berdinella.

## II.     FACTS AND PROCEDURAL BACKGROUND

Petitioner was charged with conspiracy to import heroin into the United States and aiding and abetting, conspiracy to smuggle bulk cash outside of the United States and aiding and abetting, distribution of heroin within 1,000 feet of a school, and conspiracy to distribute heroin and aiding and abetting. These charges arise from events taking place on or about February 29, 2008 until March 20, 2009.

> Between these two dates, the defendant and other individuals were involved in an agreement to distribute heroin supplied to them by Fabio Cazares. The defendant,

-1-

knowing of this agreement and intending to help bring it about assisted in regularly receiving shipments of heroin during this time period and in communicating orders of heroin to either Cazares or Hugo Toscano. The defendant also assisted in distributing the heroin to other individuals. The defendant agrees that the amount of heroin involved in her offense or reasonably foreseeable to her is approximately 1.7 kilograms of heroin.

Doc. 188 6:9-13.

On March 22, 2011, Petitioner and the Government entered a plea agreement in which the Petitioner plead guilty to count four, conspiracy to distribute heroin and aiding and abetting. (Doc. 188 2:11). On September 12, 2011, Petitioner was sentenced to 93 months in prison followed by 60 months of supervised release.

On September 14, 2012, Petitioner filed this motion pursuant to 28 U.S.C. § 2255, alleging four grounds of ineffective assistance of counsel. (Doc 293). Petitioner contends counsel was ineffective because counsel: (1) failed to file a notice of appeal after sentencing even though Petitioner requested an appeal be filed, (2) underestimated Petitioner's sentencing range, (3) failed to challenge the Government to determine Petitioner's "position" in the alleged conspiracy, and (4) failed to challenge the drug quantity and purity. In addition to these grounds, Petitioner claims violations of her fourth, fifth, sixth, tenth, and fourteenth constitutional rights.

Petitioner has not filed a memorandum of points and authority to support her conclusory statements. The Government has neither filed an opposition nor has the Court ordered any opposition be filed.

### III. LEGAL STANDARDS

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." To establish a constitutional violation for ineffective assistance of counsel arising under § 2255, petitioner must demonstrate (1) a deficient performance by counsel, and (2) prejudice to petitioner. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>United States v. Jeronimo</u>, 398 F. 3d 1149, 1155 (9th Cir. 2005). To prove deficient performance of counsel, the petitioner must demonstrate that her

attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F. 2d 373, 376 (9th Cir. 1985). To show prejudice, petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. 668 at 694. In the context of a plea bargain, the prejudice requirement is met by showing that, but for counsel's alleged errors, the petitioner would have rejected the plea offer and insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); United States v. Alvarez-Tautimez, 160 F. 3d 573, 577 (9th Cir. 1998). A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong. Strickland, 466 U.S. 668 at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id. at 689.

If the court finds that petitioner has shown both prongs of the Strickland test, "a district court must grant a hearing to determine the validity of a petition brought under section 2255, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F. 3d 1458, 1465 (9th Cir. 1994) *quoting* 28 U.S.C. § 2255. Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. Howard, 381 F. 2d at 877. Failure to prove one or both of the Strickland prongs results in a denial of a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F. 3d 1155, 1159 (9th Cir. 1996). Mere conclusory statements or statements that are inherently incredible in a section 2255 motion are insufficient to require a hearing. Untied States v. Howard, 381 F. 3d 873, 879 (9th Cir. 2004); United States v. Hearst, 638 F. 2d 1190, 1194 (9th Cir. 1980).

### IV. DISCUSSION

**A. Ineffective Assistance of Trial Counsel**

Petitioner raises various claims alleging ineffective assistance of trial counsel. "The Sixth Amendment guarantees criminal defendants the effective assistance of counsel." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). The Court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance. The [petitioner] bears the burden of showing 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [petitioner] by the Sixth Amendment.'" Gonzalez v. Wong, F. 3d 965, 987 (9th Cir. 2011). The two prong Strickland test stated above applies to all of Petitioner's ineffective assistance of counsel claims. The Court will discuss each ground raised by Petitioner.

**1.    Failure to File a "Notice of Appeal" after Sentencing**- Petitioner contends trial counsel was ineffective for failing to file a "notice of appeal" with the Court after her sentence was imposed. Taking all of the factual allegations contained in Petitioner's moving papers as true, Petitioner has stated a claim on which relief can be granted.

Despite having understood and subsequently waiving one's right to appeal, the court in U.S. v. Sandoval-Lopez held that a petitioner retained the right to appeal. U.S. v. Sandoval-Lopez, 409 F. 3d 1193, 1197 (9th Cir. 2005). The court further held that a petitioner has a valid ineffective assistance of counsel claim when the petitioner can show that he or she asked that an appeal be filed on their behalf, and that counsel failed to file a timely appeal, despite having waived this right pursuant to a plea agreement. Id. at 1198. These two statements show deficient performance by counsel and prejudice to the petitioner as required by the Strickland test.

The court in Roe v. Flores-Ortega held that the deficient performance prong of the Strickland test is satisfied when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing" Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). The Roe court also held that to show prejudice, the petitioner "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Roe, 528 U.S. 470 at 484. The petitioner does not need to show that meritorious grounds for appeal exist,

but simply that the petitioner promptly expressed a desire to appeal, and lost the opportunity to file the appeal. Sandoval-Lopez, 409 F. 3d 1193 at 1196.

The Petitioner in this case meets the requirements set out in Sandoval-Lopez. The Petitioner states in her moving papers that "Defense counsel failed to file a "notice of appeal" after sentencing when I requested that one be filed". (Doc. 293 at *4). This statement alone is sufficient to show that Petitioner had a desire to appeal because she requested that an appeal be filed on her behalf. In addition, the statement shows deficient counsel because she states that her defense counsel did not file a notice of appeal on her behalf after she requested one be filed. It is clear that the Petitioner has lost the opportunity and ability to appeal her case as the time for filing an appeal has passed.

Based on the forgoing, the Court does not yet need to hold an evidentiary hearing to determine the validity of Petitioner's ineffective assistance of counsel claim. Petitioner has stated that she unequivocally ordered her defense counsel to file a notice of appeal and that her attorney did not do so. In order to establish a factual basis for Petitioner's claim, the Court deems Petitioner to have waived attorney-client privilege for the limited purpose of ordering Petitioner's attorney to file a statement concerning his recollection of the conversations that transpired between petitioner and her attorney regarding filing a notice of appeal on her behalf. The Court will then proceed as facts warrant.

**2. Underestimation of Sentencing Range**- Petitioner further contends "Defense counsel's underestimation of sentencing range would be deficient performance that prejudiced the defendant." (Doc. 293 *5). Petitioner presumably intends to suggest counsel was ineffective for underestimating the sentencing range that would apply to Petitioner, causing her prejudice. It is unclear from the motion whether Petitioner is referring to the proposed sentence contained in the plea agreement, or an independent estimation given to her by her attorney. In any case, Petitioner's plea agreement states that the Court is not bound by the plea agreement and that the sentencing judge is free to impose the maximum penalties. (Doc. 188 9:24-25). Given the statement contained in the plea agreement, Petitioner understood that any estimation given by

the Government or Petitioner's defense counsel as to the length of her sentence could be incorrect, and a longer sentence could be imposed.

Additionally, the Ninth Circuit in <u>Doganiere v. United States</u> held that an inaccurate prediction of the sentence does not constitute ineffective assistance of counsel. <u>Doganiere v. United States</u>, 914 F. 2d 165, 168 (9th Cir. 1990). In order for Petitioner to prevail on this argument, Petitioner must show that defense counsel grossly mischaracterized the likely outcome and provided erroneous advice on the effects of going to trial. <u>Iaea v. Sunn</u>, 800 F. 2d 861, 865 (9th Cir. 1986). Petitioner has not alleged facts to show a gross mischaracterization of the sentence or the likely outcome at trial, and without more, Petitioner's argument is without merit. Petitioner's claim must also fail because Petitioner alleges a conclusory statement unsupported by any factual basis. The Petitioner's lack of further details or evidence is not sufficient under the <u>Strickland</u> test to show ineffective assistance of counsel. Based on the forgoing, the Court does not find merit in this argument, and neither an answer nor an evidentiary hearing will be held to determine the validity of this claim.

**3.     Failure to Challenge the Government to Determine Petitioner's "Position" in the Alleged Conspiracy-** Petitioner contends defense counsel failed to challenge the government as to what role she played in the conspiracy.

In the document entitled "Formal Objections to United States Probation Presentence Report", defense counsel raised several objections to the presentence report prepared by the probation office. Beginning on page 3, defense counsel objected to the recommendation of a 0 instead of a 2 level reduction because Petitioner was not a major participant and she played a minor role. (Doc. 224 3:15-19). Defense counsel argued that Petitioner was a low level worker who simply assisted in packaging and occasionally sold heroin. (Doc. 224 3:20-22). Further, defense counsel stated that Petitioner was not the usual person who took money or dispensed drugs nor was she in charge of the drugs or money. (Doc 224 3:22-24). This is just the first of four objections made by defense counsel to the role played by Petitioner in the offense. In addition to the objections made in the "Formal Objection to United States Probation Presentence Report", the Court and Government recognized Petitioner's minor role at her

change of plea hearing. When accepting Petitioner's guilty plea, the Court stated "[t]he Government agrees to recommend a two-level reduction for a minor role in the offense. . ." (Doc. 215 13:16-18). This shows that defense counsel was not deficient because he did challenge Petitioner's role in the conspiracy, and based on the forgoing, the Court does not find that the Petitioner is entitled to an evidentiary hearing on this claim as Petitioner does not have a meritorious argument.

**4. Failure to Challenge the Drug Quantity and Purity**- Petitioner's final ground of ineffective assistance of counsel is that defense counsel failed to challenge the drug quantity and purity. No formal objection was raised to this issue, but Petitioner's argument fails. Petitioner has not alleged any facts to show that challenging the drug quantity or purity would have resulted in a different sentence as required by the Strickland test's second prong.

Petitioner states: "Defense counsel failed to challenge the drug quantity and purity" (Doc 293 at *8). While this statement appears to be correct, Petitioner admitted to the drug quantity she was charged with in the plea agreement. On page six of Petitioner's plea agreement, which Petitioner signed, she agrees that the "amount of heroin involved in her offense or reasonably foreseeable to her is approximately 1.7 kilograms of heroin." (Doc 188 6:12-13). Later during Petitioner's change of plea hearing, Petitioner stated that she discussed the plea agreement with her attorney, she understood it, and then she signed it. (Doc. 215 6:7-16). Petitioner was asked when she plead guilty to count four, if she agreed that "the object of the conspiracy entailed more than one kilogram of heroin? Admit or Deny?" Petitioner answered: "I admit it." (Doc. 215 21:22-25). In addition to accepting the amount of drugs stated in the plea agreement, Petitioner also agreed not to move for a downward departure or reduction of the sentence beyond the departures granted in the plea agreement. Challenging the quantity and purity of the drugs would be equivalent to moving for a downward departure beyond those granted in the plea agreement. Petitioner clearly accepted this term of the plea agreement during her change of plea hearing. (Doc. 215 8:16-19).

Based on the forgoing, Petitioner has not shown either prong of the Strickland test concerning this ground. Petitioner has not shown that had the drug quantity been challenged her

sentence at trial would have been different. Petitioner merely contends that her defense counsel failed to challenge the drug quantity, which is far from showing a different outcome. Petitioner is not entitled to an evidentiary hearing to determine the validity of this ground of ineffective assistance of counsel.

### V.  ORDER

Therefore, IT IS HEREBY ORDERED:

1. All of Petitioner's claims are DENIED EXCEPT for failure of defense counsel to file a "Notice of Appeal" after sentencing and;
2. Petitioner's defense counsel, Michael Berdinella, shall submit a declaration to the Court stating his recollection of any conversation(s) he had with Petitioner concerning Petitioner's right to file an appeal, and shall state whether or not he recollects any specific request by Petitioner to file a notice of appeal. Such declaration shall be filed and served not later than fourteen (14) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   July 15, 2013                              _____
                                                    SENIOR DISTRICT JUDGE